## LARK SOWELL v. STATE.

[59 South. 848.]

1. CRIMINAL LAW. *Indictment. Sufficiency. Code* 1906, *section* 1113.

An ·indictment is sufficient if· the crime is charged in direct, concise and positive terms; and in misdemeanors it is only necessary that the offense be substantially charged.

2. DISTURBANCE OF PUBLIC ASSEMBLAGE. *Indictment. Sufficiency.*

An indictment for disturbing religious worship under Code 1906, section 1113, is sufficient, which charges that defendant "unlawfully and willfully disturbed a congregation of persons lawfully assembled for religious worship at Prospect Church by then and there talking in a loud tone of voice, in the presence and hearing of said congregation."

APPEAL from the circuit court of Perry county.
HON. PAUL B. JOHNSON, Judge.

Lark Sowell was indicted for disturbing public worship. From a judgment sustaining a demurrer to the indictment the state appeals.

The facts are fully stated in the opinion of the court.

*R. S. Hall,* district attorney, for the state.

The indictment ·against the defendant will be found from the record to be in the following words (omitting the formal part):

"That Lark Sowell on the 4th day of September, 1911, in Perry county aforesaid did willfully and unlawfully disturb a congregation of persons lawfully assembled at Prospect Church for religious worship, by then and there talking in a loud tone of voice, in the presence and hearing of said congregation against the peace and dignity of the State of Mississippi."

A demurrer was sustained by the trial court, doubtless because in his judgment the said indictment is vague

and uncertain, failing to show how the defendant disturbed the congregation of people. This indictment is drawn under section 1113 of the Code of 1906. Certainly every element to charge the offense of disturbing religious worship is charged in the foregoing indictment, unless it be that the indictment is too. vague and uncertain in not showing how the defendant disturbed the congregation of persons lawfully assembled, etc.

I submit that when the indictment charges,. "By then and there talking in a loud tone of voice," that this is sufficient and that the defendant is then apprised of what the congregation is complaining of. This court in the case of *Connelly* v. *State,* 66 Miss. 96, held that an indictment drawn under section 2767 of the Code of 1880, which is in the precise words of section 1113 of the Code of 1906, that an indictment was bad for the reason that the indictment was vague and uncertain in not showing how the defendant disturbed the congregation; a comparison, however, of the indictment found reported in that case and the indictment in the case at bar will show that the words "by then and there talking in a loud tone of voice" is found in the indictment at bar and no such descriptive words of the offense is found in the indictment which this court held in the Connelly case to be insufficient.

I submit that one can disturb a congregation of persons lawfully assembled for religious worship by talking in a loud tone of voice as well as by other disturbances. Suppose that two persons should go to church, . get near the minister, who might be conducting religious services, and engage in a loud tone of voice— in a small church? Willfully, this would be as much a disturbance as if they were to beat drums on the outside.

If the rulings of the court in sustaining the demurrer to the indictment at bar be correct then persons are immune from punishment who might willfully carry on a conversation in a loud tone of voice, even louder than

the minister or person who may be other wise engaged in worshiping Almighty God, and if such be the law it is a bad commentary upon our jurisprudence.

Vol. 14, Cyc., 547 lays down the rule: "Indictments for disturbing public meetings shall show what the disturbance was. It shall allege the manner or means by which the meeting was disturbed. It is sufficient, however, to describe the acts of disturbances in general terms; the indictment need not enter into details."

In case of *State* v. *Hinson,* 31 Ark. 688 was held, "That charging when one hissed, applauded, laughed was sufficient to charge offense."

I submit that under all the authority the indictment at bar is sufficient. I therefore, submit to the court that the indictment at bar is good; that the defendant is apprised of what he is charged with, and that the indictment is not vague nor uncertain. And that the case should be reversed and the defendant put upon his trial.

*A. T. L. Watkins,* for appellee.

This is an appeal by the state from an order sustaining a demurrer to the indictment:

The court offered to hold the accused to await the action of the grand jury, which offer was rejected by the district attorney, who then and there excepted to the ruling of the court in sustaining the demurrer and prosecutes this appeal.

There was no error in sustaining the demurrer to the indictment. The court sustained the demurrer on the theory, that if the proof showed nothing more than "talking in a loud tone of voice" a conviction could not be sustained, for "wilfully" disturbing the congregation although it might appear that they were in fact disturbed, there is nothing in "talking in a loud tone of voice" to support an intent to disturb (wilfully); the talking must have been "unusual," "tumultuous," "offensive," "angry," "abusive," "profane," "vul-

gar," or "indecent," or "boisterous" or something more than simply "loud" and whatever else the state expected to prove must be set out in the indictment, for the state may not extend its pleading beyond the indictment, by proof, and any other characteristic except "loud" to the talking, would have been incompetent.

The court committed no error in sustaining the demurrer to the indictment, and the case should be affirmed.

REED, J., delivered the opinion of the court.

The indictment in this case is for disturbance of worship under section 1113 of the Code of 1906. It charged that appellee "did unlawfuly and willfully disturb a congregation of persons lawfully assembled at Prospect Church for religious worship, by then and there talking in a loud tone of voice, in the presence and hearing of said congregation."

An indictment is sufficient if the crime is charged in direct, concise, and positive terms; and in misdemeanors it is only necessary that the offense be substantially charged. The indictment in this case is sufficient. It is different from the indictment in the case of *Conerly* v. *State,* 66 Miss. 96, 5 So. 625, in that the following words are included: "By then and there talking in a loud tone of voice, in the presence and hearing of said congregation"—which stated the nature or character of the disturbance. In the Conerly Case there was no statement showing what caused the disturbance.

Reversed and remanded.

*Reversed and remanded.*